

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 688 | DATE | 6/27/2003 |
| CASE TITLE | Preston Dorlig, et al vs. Chicago Institute of Neurosurgery, | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' Rule 12(b)(6) motion to dismiss is granted and this case is dismissed with prejudice. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 30 2003 date docketed | 17 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| TBK | courtroom deputy's initials | 03 JUN 27 PM 4:41 Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PRESTON DORLIG and ALLISON P. DORLIG | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 03 C 688 |
| | ) | Paul E. Plunkett, Senior Judge |
| CHICAGO INSTITUTE OF NEUROSURGERY and NEURORESEARCH, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Preston and Allison Dorlig have brought this diversity suit against defendants Chicago Institute of Neurosurgery and Neuroresearch, Columbus Hospital and Drs. Dan Heffez and Mitchell Gropper for medical malpractice. Chicago Institute of Neurosurgery and Neuroresearch and Drs. Heffez and Gropper ("collectively, the Institute defendants") have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the complaint as untimely. For the reasons set forth below, the motion is granted.

### Facts

In late 1995, Preston began to suffer from ear pain and ringing, tingling and numbness in his hands and severe headaches. (Compl., Ex. A, Letter to Moore from Saxton at 1.) Though he underwent a variety of treatments over the next few years, Preston's condition did not improve. (Id.)



In 1998, Preston consulted Dr. Heffez about his symptoms. On October 22, 1998, Dr. Heffez performed back surgery on Preston at Columbus Hospital, which is described as a "suboccipital craniectomy with partial laminectomy at C1 for presumed Chiari malformation." (Id.) Preston's symptoms did not improve after the surgery. (Id.)

On June 24, 1999, Preston was admitted to Columbus Hospital for a second back surgery described as "C4-C6 laminectomies and almost total cervical spine (from C3-C5) instrumentation and fusions." (Id. at 2.) Immediately after the operation, Preston had severe arm pain and, within six hours of his release from the hospital, he was admitted to the emergency room at St. Joseph's Hospital. (Id.) The emergency room doctor gave Preston pain medication and released him. (Id.)

Several days later, Preston fainted and was readmitted to St. Joseph's. (Id.) He was given an MRI, but no abnormalities were noted. (Id.)

Subsequently, Preston continued to have pain in his arms, hands and shoulders. (Id.) On December 7, 1999, Preston consulted Dr. Aaron Filler of the UCLA Medical Center. (Id.) Dr. Filler determined that there was a fracture at Preston's C7 vertebra, which he believed was caused by improper placement of a screw during the June 1999 operation. (Id.) Because Dr. Filler was concerned that the misplacement of the screw may have injured the vertebral artery, he sent Preston to Dr. Neil Martin, a neurovascular expert, for an evaluation. (Id.)

On January 10, 2000, Preston saw Dr. Martin. After performing a number of tests, Dr. Martin concluded that the artery had been damaged and recommended surgery to remove one of the screws in Preston's back. (Id.)

For the next several months, Preston tried to manage his condition with medication, but those efforts failed. (Id. at 2-3.) On October 18, 2000, Preston had a third back surgery, described as

"suprclavicular scalenectomy." (Id. at 3.) During the surgery, it was determined that one of the screws that had been inserted in Preston's back during the June 1999 operation was impinging the vertebral artery and was the likely cause of nerve damage. (Id.)

On January 30, 2003, Preston and Allison filed this two-count complaint seeking to recover from defendants for medical negligence and loss of consortium.

### The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### Discussion

Before addressing the merits of this case, we must say a word about its procedural background. The Institute defendants filed this motion on April 10, 2003. Magistrate Judge Bobrick ordered plaintiffs to respond to it by May 9, 2003. Plaintiffs did not file a response by that date. On May 20, 2003, the Magistrate Judge held a status hearing at which plaintiffs failed to appear. Noting that plaintiffs had yet to file their response, Magistrate Judge Bobrick *sua sponte* granted them an extension of time until May 30, 2003 to do so, but warned them that if they failed to file by that date the Court would decide the motion on defendants' papers alone. Plaintiffs still failed to respond. On June 5, 2003, plaintiffs requested an extension of time to file their response, which the Magistrate

Judge granted. The new filing date was June 12, 2003. Once again, the filing date came and went without any response or request for an extension of time from plaintiffs. Plaintiffs' chance to respond to the motion has now passed. The Court will consider only defendants' submissions in ruling on the motion.

According to Illinois law, Preston had to file his medical malpractice claim within two years "after the date on which [he] knew, or through the use of reasonable diligence should have known, . . . of the existence of the injury . . . for which damages are sought." 735 ILL. COMP. STAT. 5/13-212(a). Allison's loss of consortium claim had to be filed within the same period. See 735 ILL. COMP. STAT. 5/13-203. The Institute defendants argue that Preston knew or should have known that he was injured during the June 1999 surgery no later than October 18, 2000. The Court agrees.

According to the physician's report attached to the complaint, Preston was told on December 7, 1999 that his C7 vertebra was fractured, probably as a result of the June 1999 surgery. (Compl., Ex. A, Letter to Moore from Saxton at 2.)[1] On January 10, 2000, Preston learned that one of the screws inserted during the June 1999 surgery was interfering with his vertebral artery. (Id.) Moreover, his October 18, 2000 surgery confirmed that one of those screws was impinging on his vertebral artery and had caused nerve damage. (Id. at 3.) Thus, Preston knew no later than October 18, 2000 that he had been injured during the June 1999 operation. Because plaintiffs did not file this

---

[1] Because plaintiffs attached this report to their complaint, the Court can consider it in ruling on this motion without converting it to a motion for summary judgment. Beam v. IPCO Corp., 838 F.2d 242, 244 (7th Cir. 1988) ("Beam's exhibit poses no problem under Rule 12(b) because the district court is entitled to consider exhibits attached to the complaint as part of the pleadings.").

suit until January 2003, more than two years after they discovered Preston's injuries, the claims they assert against all of the defendants are untimely.

## Conclusion

For the reasons stated above, the Institute defendants' Rule 12(b)(6) motion to dismiss is granted and this case is dismissed with prejudice. This is a final and appealable order.

**ENTER:**

_____
UNITED STATES DISTRICT JUDGE

DATED: June 27, 2003